IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL SMITH,** | ) |
| Plaintiff, | ) ) ) |
| V. | ) ) ) CASE NO. 18-37 |
| **SANDY S. STIMPSON, individual and official capacity as Mayor of the City of Mobile, DONALD DEES, individual capacity, LIANA BARNETT, official capacity as Director of the Mobile County Personnel Board and the MOBILE COUNTY PERSONNEL BOARD,** | ) ) NOTICE OF REMOVAL OF CIVIL ) ACTION TO UNITED STATES ) DISTRICT COURT UNDER 28 U.S.C. § ) 1331 (FEDERAL QUESTION) ) ) ) |
| Defendants. | |

### JOINT NOTICE OF REMOVAL

COME NOW Defendants, Sandy S. Stimpson, Donald Dees, Liana Barnett, and Mobile County Personnel Board (referred to herein as "Defendants")[1], and hereby jointly remove this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1331 and 1441.

### I.   NATURE OF THE ACTION

1. On January 9, 2018, Plaintiff filed the action entitled *Michael Smith v. Sandy S. Stimpson, et al.,* Case No. CV-2018-000010 ("the Complaint") in the Circuit Court of Mobile County, Alabama. True and correct copies of all pleadings in the state court action are attached hereto as Exhibit "A".

2. The Complaint alleges that Defendants violated the due process clause of the Fourteenth Amendment made actionable by 42 U.S.C. § 1983 "[b]y denying Plaintiff Smith

---

[1] Please see Consent to Removal filed contemporaneously herewith for Defendants Donald Dees, Liana Barnett, and Mobile County Personnel Board.

31087886 v1

mandatory and non-discretionary Mobile County Merit System 'due process procedures'" in terminating him as an employee of the City of Mobile Police Department. (Compl. ¶ 57).

3. Specifically, Plaintiff alleges, among other things, that the "City and Mayor have established a separate disciplinary procedure in violation of "the Act" and the Rules of the MCPB and therefore such actions violated Smith's Constitutional and Statutory rights and protections." (Compl. ¶69). Plaintiff further alleges that the "Personnel Director and MCPB have failed to prevent the City from operating under the MPD Disciplinary Procedures and therefore such actions violated Smith's Constitutional and Statutory rights and protections." (Compl. ¶70)

## II. FEDERAL QUESTION JURISDICTION

4. "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Thus, a case is removable when the Complaint affirmatively alleges a federal claim. *Id.* However, even if a complaint does not specifically allege violations of federal law, if the claims appear to be federal in nature, "then the federal court must re-characterize the complaint to reflect the reality" of the essence of the claims. *See BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers,* 132 F.3d 824, 831-21 (1st Cir. 1997).

5. Plaintiff alleges claims that arise under the Civil Rights Act, 42 U.S.C. § 1983, as well as claims that arise under the United States Constitution. Thus, removal of this action is proper under 28 U.S.C. §§ 1331 and 1441(c).

6. Plaintiff's claims appear to seek relief for constitutional violations under the Fourteenth Amendment, as well as other violations of 42 U.S.C. § 1983 regarding violations of due process rights associated with Plaintiff's termination. *See Northfield, LLC v. Utilities Bd. of City of Bayou La Batre, Ala.,* No. 09-0575-WS-M, 2009 WL 3784338, *1 (S.D. Ala. Nov. 9, 2009) ("[P]laintiff is asserting claims against defendants 'arising under the Constitution, law, or

treatises of the United States. . . This fact gives rise to federal question jurisdiction, as a matter of fundamental, black letter law."); *Harris v. Birmingham Bd. of Educ.*, 817 F.2d 1525, 1526-27 (11th Cir. 1987) (action based on violation of 42 U.S.C. § 1983 was properly removed since the district court had original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343); *Jairaith v. Dyer*, 154 F.3d 1289, 1282 (11th Cir. 1998) ("federal question jurisdiction may be based on a civil action alleging a violation of the Constitution").

### III. TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL

7. The United States District Court for the Southern District of Alabama, Southern Division, is the federal judicial district and division embracing the Circuit Court of Mobile County, Alabama, where this suit was originally filed. Removal to this District and Division is therefore proper pursuant to 28 U.S.C. § 81(c)(2) and § 1441(a).

8. The Circuit Court's file reflects that Defendants Sandy Stimpson, Donald Dees, Liana Barnett, and the Mobile County Personnel Board were served with the Complaint on January 11, 2018. Defendants, represented by undersigned counsel, have accepted service as of the date of this Notice of Removal. Thus, this removal is timely under 28 U.S.C. § 1446(b) in that removal is sought within 30 days from the date of service of the summons.

9. Written notice of the filing of this Notice of Removal has been given to the Plaintiff and a copy is concurrently being filed with the Clerk of the Circuit Court of Mobile County, Alabama, in accordance with the provisions of 28 U.S.C. § 1446(d).

10. The proper filing fee has been tendered to the Clerk of the United States District Court for the Southern District of Alabama, Southern Division.

### IV. RELIEF REQUESTED

WHEREFORE, Defendants desiring to remove this case to the United States District Court for the Southern District of Alabama, being the said district of said Court for the County in

which the action is pending, pray that this Court will make any and all orders necessary to effect the removal of this cause of the Circuit Court of Mobile County, Alabama, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Circuit Court of Mobile, Alabama.

Respectfully submitted this the 30th day of January, 2018.

        *s/ L. Robert Shreve*
KASEE S. HEISTERHAGEN  (SPARK7253)
L. ROBERT SHREVE  (SHREV3179)

Attorneys for Defendant Sandy Stimpson

OF COUNSEL:

BURR & FORMAN LLP
11 North Water Street, Suite 22200
Mobile, AL  36602
Telephone:    (251) 344-5151
Facsimile:    (251) 344-9696
Email:        ksparks@burr.com
              rshreve@burr.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 30th day of January, 2018:

Carroll J. Ogden
P.O. Box 851133
Mobile, AL 36685
carrollogdenlaw@gmail.com

Donald Dees (with cc: to Arthur Madden, Counsel)
465 Dauphin Street
Mobile, Alabama 36660

Mobile County Personnel Board (with cc: to Arthur Madden, Counsel)
Post Office Box 66794
Mobile, AL 36660-1794

Liana Barnett (with cc: to Arthur Madden, Counsel)
Post Office Box 66794
Mobile, AL 36660-1794


                                            *s/ L. Robert Shreve*
                                            OF COUNSEL