## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL SMITH,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:18-00037-CG-N** |
| | ) | |
| **SANDY S. STIMPSON,** *et al.*, | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATIONS

This action is before the Court on the following matters:

1. The motion to remand under 28 U.S.C. § 1447(c) filed by Plaintiff Michael Smith (Doc. 5), to which the Defendants have timely filed responses (Docs. 16, 17) in opposition. No reply to the responses was filed, and the deadline to do so has passed. (*See* Doc. 11).

2. The motion to sever and remand Count 2 of the complaint under 28 U.S.C. § 1441(c)(2) (Doc. 9) filed by Defendants the Mobile County Personnel Board ("MCPB"), Donald Dees, and Liana Barnett (collectively, "the Board Defendants"), to which Smith has timely filed a response (Doc. 15). No reply to the response was filed, and the deadline to do so has passed. (*See* Doc. 11).

3. The motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 10) filed by Defendant Sandy S. Stimpson. Smith has timely filed a response (Doc. 14) in opposition to said motion, and Stimpson has timely filed a reply (Doc. 19) to the response.

4. The motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (Doc. 12) filed by the Board Defendants. Smith has timely filed a response (Doc. 18) in opposition to said motion, and the Board

Defendants have timely filed a reply (Doc. 20) to the response.

The Court has referred these four motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (2/5/2018, 2/7/2018, & 2/9/2018 electronic referrals). All of the motions are now under submission (*see* Docs. 11, 13). Upon consideration, and pursuant to § 636(b)(1)(B)-(C) and Rule 72(b)(1), the undersigned will recommend the following: (1) that Smith's motion to remand (Doc. 5) be **DENIED**; (2) that the Board Defendants' motion to sever and remand Count 2 (Doc. 9) be **GRANTED** as to the federal claims in that count and otherwise be **DENIED**; (3) that the Defendants' Rule 12 motions (Docs. 10, 12) be **GRANTED** as to the federal claims in Count 1 and otherwise **DENIED**; and (4) that, after adopting the foregoing recommendations, the Court decline to continue exercising supplemental jurisdiction over the remaining state law claims and **REMAND** this action to the state court from which this case was removed.

## I.    *Background*

This action is a continuation of a prior civil action brought by Smith in this Court, *Michael Smith v. City of Mobile et al.*, S.D. Ala. Case No. 1:16-cv-00478-N (hereinafter, "the 2016 Action").[1] All parties to the present action were also parties to the 2016 Action, and were represented by the same counsel.[2] Smith's five-count

---

[1] "A court may take judicial notice of its own records…" *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

[2] The City of Mobile was also initially a defendant in the 2016 Action but was subsequently ordered dropped as a party under Federal Rule of Civil Procedure 21, based on the Court's determination that the claims against the City were duplicative of those against Defendant Stimpson in his official capacity as the City's mayor.

complaint in the 2016 Action (hereinafter, "the 2016 Complaint") alleged a litany of federal and state law claims arising from the proceedings surrounding his termination as a police officer for the City of Mobile, Alabama. (*See* 2016 Action, Doc. 1, a copy of which is attached hereto as "Exhibit A").[3]  The Court[4] disposed of Smith's claims in the 2016 Action over the course of several orders (*see* 2016 Action, Docs. 31, 50, 55, 65), and on December 12, 2017, entered final judgment stating as follows:

1. [A]ll claims (federal and state) in Counts I and V, and all federal claims in Count III, are **DISMISSED with prejudice**; and

2. all claims (federal and state) in Counts II and IV, and all state law claims in Count III, are **DISMISSED without prejudice**

(Doc. 1-2 at 26; 2016 Action, Doc. 66). All claims dismissed with prejudice were dismissed on the merits under either Rule 12(c) or Rule 56 of the Federal Rules of Civil Procedure.   (*See* 2016 Action, Docs. 31, 55, 65).   The federal claims dismissed without prejudice (i.e. those in Count IV of the 2016 Complaint) were dismissed

(*See* 2016 Action, Docs. 1, 34).   Defendant Barnett was not named as a defendant at the commencement of the 2016 Action but was automatically substituted for Defendant Dees in his official capacity as Personnel Director for the Mobile County Personnel Department under Federal Rule of Civil Procedure 25(d) upon Dees's retirement from that position while the 2016 Action was pending.   (*See* 2016 Action, Docs. 1, 14, 50 at 1 n.1).

[3] The Court exercised original jurisdiction over the federal claims in the 2016 Action under 28 U.S.C. § 1331 (federal question) and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).   Diversity of citizenship under 28 U.S.C. § 1332 was neither alleged as an alternative jurisdictional basis nor apparent from the record.

[4] With the consent of the parties, the Court designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in the 2016 Action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73.   (*See* 2016 Action, Docs. 27, 28).

under Federal Rule of Civil Procedure 12(b)(1), based on the conclusion that the *Rooker-Feldman* doctrine deprived the Court of subject matter jurisdiction over those claims. (*See* 2016 Action, Doc. 50). Following the dismissal of all federal claims, all state law claims remaining in the 2016 Action were dismissed without prejudice under 28 U.S.C. § 1367(c)(3), which permits a district court to "decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction." (*See* 2016 Action, Doc. 65 at 9 – 11). No party appealed the final judgment in the 2016 Action.

Smith filed the present three-count complaint (hereinafter, "the 2018 Complaint") in the Circuit Court of Mobile County, Alabama, on January 9, 2018, again alleging various federal and state law claims arising from his termination and related proceedings.[5] Counts 1 and 2 allege both federal and state law claims, while Count 3 alleges only state law claims. On January 30, the Defendants removed this case to this Court under 28 U.S.C. §§ 1331 and 1441(a). (*See* Doc. 1).

## II. *Analysis*

### a. <u>Smith's Motion to Remand</u>

Smith's motion to remand this case under 28 U.S.C. § 1447(c) is premised on his belief that the Defendant's removal of the 2018 Complaint "is tantamount to the Defendants attempting to belatedly 'appeal' the United States District Court's 'Final Judgment' that they now seemingly disagree with after the time to have

---

[5] For ease of differentiation, the undersigned will herein refer to the counts from the 2016 Complaint using Roman numerals (i.e., Counts I, II, III, IV, and V) and to the counts from the 2018 Complaint using Arabic numerals (i.e. Counts 1, 2, and 3).

appealed expired." (Doc. 5 at 4). Smith is incorrect.[6] After declining to continue exercising supplemental jurisdiction over most of Smith's state law claims in the 2016 Action, the Court dismissed those claims without prejudice to give Smith the opportunity to refile them in state court. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("Although it is possible for the district court to continue to exercise supplemental jurisdiction over these pendant claims, *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997), if the district court instead chooses to dismiss the state law claims, it usually should do so without prejudice as to refiling in state court. *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999)."). However, the 2018 Complaint (Doc. 1-2 at 2 – 26) alleges both federal and state law claims. Because federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. § 1331, and because Smith's state law claims are "so related to [Smith's federal claims…that they form part of the same case or controversy under Article III of the United States Constitution[,]" 28 U.S.C. § 1367(a), the 2018 Complaint was properly removed to this Court under 28 U.S.C. § 1441(a).[7]

---

[6] As will be explained herein, it is actually Smith who improperly seeks a "do-over" in this case on the federal claims that were dismissed on the merits in the 2016 Action.

[7] While Count III alleges only claims for violations of "State law due process rights" (Doc. 1-2 at 21, ¶ 77), Counts I and II expressly allege violations of "the due process clause of the Fourteenth Amendment, made actionable by 42 U.S.C. Section 1983." (*Id.* at 17, 20, ¶¶ 57, 75). As will be explained herein, this Court lacks jurisdiction over the Count II federal claims under the *Rooker-Feldman* doctrine. However, the

Smith cites no authority, nor is the undersigned aware of any, to support his suggestion that claims dismissed pursuant to 28 U.S.C. § 1367(c) are thereby rendered un-removable in future proceedings, and the undersigned is otherwise unpersuaded. Accordingly, the undersigned will recommend that Smith's motion to remand (Doc. 5) be **DENIED**.

### b. <u>Board Defendants' Motion to Sever and Remand</u>

The Board Defendants move to sever and remand Count 2, asserting that the Court lacks subject matter jurisdiction over that count under the *Rooker-Feldman* doctrine. *See, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker–Feldman* doctrine…is confined to cases of the kind from which the doctrine acquired its name[8]: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Green v. Jefferson Cty. Comm'n*, 563 F.3d 1243, 1249 (11th Cir. 2009) ("Generally speaking, the *Rooker–Feldman* doctrine recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing final state court decisions."). The undersigned agrees that the <u>federal</u> claims asserted in Count 2 are due to be severed and remanded on this basis.

---

Court has original jurisdiction over the Count I federal claims under § 1331. Thus, this action was properly removed in its entirety. *See* 28 U.S.C. § 1441(c)(1).

[8] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Count IV of the 2016 Complaint alleged that "Defendants' [sic] Donald Dees and the Mobile County Personnel Board intentionally denied Plaintiff Smith his due process right to appeal the termination decision issued by the City refusing to recognize and process the timely appeal filed on December 12, 2014, all in violation of the due process clause of the Fourteenth Amendment made actionable by 42 U.S.C. Section 1983" and Alabama law. (2016 Action, Doc. 1 at 10). By order entered July 5, 2017, the Court dismissed the federal claims in Count IV without prejudice, finding that the *Rooker-Feldman* doctrine deprived this Court of subject matter jurisdiction over those claims.[9] (*See* 2016 Action, Doc. 50); *Smith v. City of Mobile*, Civil Action No. 16-00478-N, 2017 WL 2865036 (S.D. Ala. July 5, 2017).[10] Count 2 alleges federal claims under 42 U.S.C. § 1983 that are substantively identical to those raised in Count IV of the 2016 Complaint,[11] and no party has offered any reason why the rationale for applying the *Rooker-Feldman* doctrine in the 2016 Action should not also apply to the Count 2 federal claims in this action.

[9] The *Rooker-Feldman* doctrine does not apply to state law claims. *See, e.g.*, *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam) ("The *Rooker–Feldman* doctrine…applies both to **federal** claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." (emphasis added))

[10] Said reasoning was later supplemented and clarified in a footnote to an order issued September 26, 2017. (*See* 2016 Action, Doc. 55 at 8 – 9 n.4); *Smith v. City of Mobile*, 2017 WL 4274435, at *3 n.4 (S.D. Ala. Sept. 26, 2017).

[11] (*See* Doc. 1-2 at 20, ¶ 75 ("Defendants' Donald Dees and the Mobile County Personnel Board intentionally denied Plaintiff Smith his due process right to appeal the termination decision issued by the City refusing to recognize and process the timely appeal filed on December 12, 2014 all in violation of the due process clause of the Fourteenth Amendment made actionable by 42 U.S.C. Section 1983 and Alabama's Constitution and Statutory Law. Defendant Barnett has refused to process the December 12, 2014 timely appeal served on the MCPB and its Personnel Director.")).

Accordingly, the undersigned finds that the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction over the Count 2 federal claims, and that said claims are due to be severed and remanded under 28 U.S.C. § 1441(c)(2).[12] Thus, the undersigned will recommend that the Board Defendants' motion to sever and

---

[12] The *Rooker-Feldman* doctrine applies to federal claims removed from state court, not just to those originally filed in federal court, and remand is the appropriate remedy when the doctrine applies to removed claims. *See Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 532-36 (7th Cir. 2004), *as amended on denial of reh'g and reh'g en banc* (Aug. 3, 2004); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (per curiam); *Morris v. Wells Fargo Bank*, 677 F. App'x 955, 957–58 (5th Cir. 2017) (per curiam) (unpublished). *Cf. Fincher v. S. Bend Hous. Auth.*, 578 F.3d 567, 569 (7th Cir. 2009) (per curiam) (holding that "remands based on the *Rooker-Feldman* doctrine are jurisdictional…and therefore subject to the prohibition of appellate review in § 1447(d)"). Moreover, total remand is not warranted where, as here, the *Rooker-Feldman* doctrine applies only to some removed claims. *See Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010) ("Federal law does not permit a district judge to remand the complete litigation just because portions belong in state court. Judges must exercise the jurisdiction they have been given and may not adopt common-law rules that prefer state over federal adjudication of claims that are within the jurisdiction defined by Congress. If some parts of a single suit are within federal jurisdiction, while others are not, then the federal court must resolve the elements within federal jurisdiction and remand the rest—unless the balance can be handled under the supplemental jurisdiction. Because of the *Rooker–Feldman* doctrine, the balance of this suit cannot be resolved in federal court, but the need to remand some of it does not entail a power to remand all." (citations omitted)); *Pullins v. Hagins*, No. 3:14-CV-226-J-32PDB, 2015 WL 1456198, at *1 (M.D. Fla. Mar. 23, 2015) ("Pullins also appears to object to the recommendation that the Court remand some of his claims to state court but retain jurisdiction to dismiss others with prejudice…This objection is also due to be rejected. Magistrate Judge Barksdale rightly noted that, under the *Rooker–Feldman* doctrine, a federal district court may have jurisdiction over some but not all of the claims in a case…The court has the obligation to exercise its jurisdiction over those claims for which it has been properly invoked." (citing *Bergquist*, 592 F.3d at 819)), *aff'd*, 637 F. App'x 571 (11th Cir. 2016) (per curiam) (unpublished).

remand Count 2 (Doc. 9) be **GRANTED** as to the Count 2 federal claims but **DENIED** as to the Count 2 state law claims.[13]

### c.    Defendants' Rule 12 Motions

In deciding a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court must construe the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true." *E.g.*, *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013). For Rule 12(c) motions, "[j]udgment on the pleadings is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law...When reviewing judgment on the pleadings, [the Court] must take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999). *See also Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998) (per curiam) ("Judgment on the pleadings is appropriate when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any

---

[13]    Smith does not directly oppose the Board Defendants' motion to sever and remand Count 2 in his response to that motion, instead asserting that he "believes the entire Complaint as filed (Doc. 1-2) should be returned to State Court; but not for the reasons stated by MCPB Defendants; but rather – for the reasons provided within Smith's 'Motion to Remand'." (Doc. 15 at 2). As explained previously, however, Smith's motion to remand is without merit.

Moreover, contrary to Smith's assertion, it is actually his response to the Board Defendants' motion that, in arguing the merits of his Count 2 claims, "travel[s] far beyond legitimate grounds to allegedly sever and remand Count Two and instead seek[s] insertion of other matters within the guise of the captioned request." (*Id.*).

judicially noticed facts…For these purposes, we accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant…").

## 1. *Res Judicata*

" 'Res judicata is a judicially crafted doctrine, created to provide finality and conserve resources." *United States v. Beane*, 841 F.3d 1273, 1282 (11th Cir. 2016) (quoting *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011)). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.' " *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). *See also Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011) ("'Res judicata comes in two forms: claim preclusion (traditional 'res judicata') and issue preclusion (also known as 'collateral estoppel')."); *Lee L. Saad Const. Co. v. DPF Architects, P.C.*, 851 So. 2d 507, 516 (Ala. 2002) ("The doctrine of res judicata, while actually embodying two basic concepts, usually refers to what commentators label 'claim preclusion,' while collateral estoppel refers to 'issue preclusion,' which is a subset of the broader res judicata doctrine." (quotation omitted)).

The Defendants assert that the final judgment in the 2016 Action bars Smith's Count 1 federal claims under claim preclusion.[14] All Defendants also argue

---

[14] With regard to Stimpson's Rule 12(b)(6) motion, "[r]es judicata…is not a defense under 12(b); it is an affirmative defense that should be raised under Rule 8(c)…Nevertheless a party may raise a res judicata defense by motion rather than by answer where[, as here,] the defense's existence can be judged on the face of the complaint." *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). *See also Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) ("[G]enerally, the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim. A district court, however, may dismiss a complaint on a rule 12(b)(6) motion when its own allegations indicate the existence of an affirmative

that Smith's state law claims in Counts 1 and 3 are barred by the judgment of the Alabama Court of Civil Appeals in *Smith v. City of Mobile*, 203 So. 3d 885 (Ala. Civ. App. 2016), *reh'g denied* (Mar. 4, 2016) (hereinafter, "the Alabama Judgment"). under *res judicata* principles, though there is some divergence in which principles apply – Stimpson's motion argues issue preclusion, while the Board Defendants' motion argues claim preclusion, while also incorporating Stimpson's issue preclusion argument by reference.[15]

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor*, 553 U.S. at 891 (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507–508 (2001)). "For judgments in federal-question cases—for example, [the 2016 Action]—federal courts [apply] 'uniform federal rule[s]' of res judicata…" *Id.* (quoting *Semtek Int'l*, 531 U.S. at 508).[16] However, "[i]n

---

defense, so long as the defense clearly appears on the face of the complaint."). For their part, the Board Defendants raised the affirmative defense of *res judicata* in their answers (*see* Doc. 6 at 5 – 6; Doc. 7 at 6; Doc. 8 at 5 – 6) prior to filing their Rule 12(c) motion.

[15] No defendant argues *res judicata* as to any of the claims in Count 2. For his part, Smith does not address the Defendants' *res judicata* arguments in either of his responses to the Rule 12 motions.

[16] "For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Taylor*, 553 U.S. at 891 n.4 *Also compare CSX Transp., Inc. v. Brotherhood of Maint. of Way Emps.*, 327 F.3d 1309, 1316 (11th Cir. 2003) ("We now hold that federal preclusion principles apply to prior federal decisions, whether previously decided in diversity or federal question jurisdiction."), *with CSX Transportation, Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333, 1339-40 (11th Cir. 2017) ("Even if we assume that *Brotherhood* stated a rule about collateral estoppel and an earlier federal judgment where the court exercised diversity jurisdiction, that rule has no precedential effect because it was not part of our **holding**. That is, the rule does not bind us. **The question in *Brotherhood* was the preclusive effect of 'a federal question previously decided by a federal**

considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court must apply the rendering state's law of preclusion." *Cmty. State Bank*, 651 F.3d at 1263.[17]

## A. Preclusion under the Alabama Judgment

Under Alabama law, "[t]he elements of res judicata [claim preclusion] are as follows: (1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits." *Wheeler v. First Ala. Bank of Birmingham*, 364 So. 2d 1190, 1199 (Ala. 1978). For "the doctrine of collateral estoppel [issue preclusion] to apply, the following elements must be established: (1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions." *Walker v. City of Huntsville*, 62 So. 3d 474, 487 (Ala.

---

**court,'** not a question of state law decided by a federal court that exercised diversity jurisdiction. Whether federal common law incorporates collateral estoppel as defined by state or federal law to apply to earlier judgments of federal courts that exercised diversity jurisdiction was unnecessary as a justification for the decision reached… We hold that federal common law borrows the state rule of collateral estoppel to determine the preclusive effect of a federal judgment where the court exercised diversity jurisdiction." (emphasis added) (citation and quotation omitted)).

[17] While the Defendants rely to some extent on Alabama law in arguing the preclusive effect of the judgment in the 2016 Action, any error in this regard is harmless, as the Eleventh Circuit has recognized that "Alabama law on the doctrine[] of *res judicata*…is substantively the same as federal law." *McCulley v. Bank of Am., N.A.*, 605 F. App'x 875, 878 (11th Cir. 2015) (per curiam) (unpublished) (holding that district court's error in applying Alabama, rather than federal, *res judicata* law was harmless because the district court nevertheless "applied the correct legal standards").

2010) (quotations omitted). The state law claims in Counts 1 and 3 allege violations of "statutory rights and protections" and "State law due process rights" based on myriad ways in which the Defendants purportedly failed to follow applicable Alabama laws and rules (specifically, Act No. 470, Local Acts of 1939, as amended by Act No. 2004–105, Ala. Acts 2004 ("Local Act 470"), and MCPB Rules and Regulations) during Smith's termination proceedings. However, none of those issues was "actually litigated" in the Alabama Judgment for purposes of issue preclusion, *see id.* ("Only issues *actually decided* in a former action are subject to collateral estoppel." (quotations omitted)), nor was the Alabama Judgment rendered "on the merits" for purposes of claim preclusion. *Wheeler*, 364 So. 2d at 1199.

After the MCPB upheld Stimpson's decision to terminate Smith, Smith attempted to appeal that decision to the Mobile County Circuit Court, as § XXXIV of Local Act 470 permits. *See Smith*, 203 So. 3d at 886. While the circuit court lacks jurisdiction to decide constitutional issues in such appeals, it can review compliance with Local Act 470 and the MCPB Rules and Regulations in termination proceedings, *see Wright v. City of Mobile*, 170 So. 3d 656, 661-62 (Ala. Civ. App. 2014), and Smith's complaint in his circuit court appeal alleged a variety of ways in which his termination proceedings did not comply with those laws. (*See* 2016 Action, Doc. 41-11). However, the circuit court dismissed Smith's appeal after determining that Smith had failed to timely serve the MCPB with a notice of appeal within 14 days of the entry of its decision, as required by § XXXIV. *Smith*, 203 So. 3d at 886. The Alabama Court of Civil Appeals affirmed the circuit court's

dismissal solely on that basis, holding that "Smith's failure to serve the [MCPB] pursuant to § XXXIV precluded the trial court from acquiring subject-matter jurisdiction over th[e] action…" *Id.* at 887. Because the Alabama courts lacked subject-matter jurisdiction over Smith's appeal, they did not, and indeed could not, render any decision on the merits of that appeal (i.e. MCPB's compliance with Local Act 470 and the MCPB Rules and Regulations); thus, the Alabama Judgment does not preclude the state law claims asserted in Counts 1 and 3. *See Lloyd Noland Found., Inc. v. HealthSouth Corp.*, 979 So. 2d 784, 796 (Ala. 2007) ("Collateral estoppel is not applicable where the plaintiff was unable to seek a certain remedy or form of relief in the first action because of the limitations on the subject-matter jurisdiction of the courts." (citing *Restatement (Second) of Judgments* § 26 (1982)); *Lee L. Saad Const.*, 851 So. 2d at 518 ("Res judicata will not apply to bar a subsequent action for a remedy that was not available in a prior action…Because the director lacked subject-matter jurisdiction over Saad Construction's tort claims and could not award punitive damages, res judicata does not bar Saad Construction from asserting those claims in a subsequent action."). Thus, the undersigned will recommend that the Defendants' Rule 12 motions (Doc. 10, 12) be **DENIED** to the extent they seek dismissal of the Counts 1 and 3 state law claims as barred by the Alabama Judgment under *res judicata* principles.[18]

---

[18] The undersigned expresses no opinion as to whether the Alabama Judgment precludes any of the Count 2 claims under *res judicata* principles.

## B. Preclusion under the Federal Judgment

Under federal law, "[f]or res judicata to bar a subsequent case, four elements must be present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Maldonado*, 664 F.3d at 1375 (quotation marks omitted). "As for the fourth element, two cases are generally considered to involve the same cause of action if the latter case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as the former one. *Res judicata* acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Id.* at 1375–76 (citations and quotations omitted). " 'For collateral estoppel to be invoked 1) the issue must be identical in the pending case to that decided in the prior proceeding; 2) the issue must necessarily have been decided in the prior proceeding; 3) the party to be estopped must have been a party or have been adequately represented by a party in the first proceeding; and 4) the precluded issue must actually have been litigated in the first proceeding.' " *Beane*, 841 F.3d at 1283 (quoting *Blohm v. Comm'r*, 994 F.2d 1542, 1553 (11th Cir. 1993)).

The "Factual Statements" found at Section II of both the 2016 and 2018 Complaints are largely the same,[19] alleging the aforementioned litany of purported deviations from Local Act 470 and MCPB Rules and Regulations during Smith's

---

[19] Section II of the 2018 Complaint contains some additional detail, and also references events from the 2016 Action.

termination proceedings. (*Compare* Doc. 1-2 at $7 - 16$, ¶¶ $6 - 56$, *with* Exhibit A [2016 Complaint], pp. $3 - 9$, ¶¶ $8 - 51$). Based on those allegations, the first count of each complaint alleges that Smith was deprived of his property interest in his employment in violation of "the due process clause of the Fourteenth Amendment, made actionable by 42 U.S.C. Section 1983." (*Compare* Doc. 1-2 at 17 , ¶ 57 ("By denying Plaintiff Smith mandatory and non-discretionary Mobile County Merit System 'due process procedures', the Defendants jointly deprived Plaintiff of his property interest in his employment as a merit system employee without due process of law. As such, the 'termination' violated the Mobile County Personnel Board Rules possessing force and effect of law. As such, the 'termination' violated the due process clause of the Fourteenth Amendment, made actionable by 42 U.S.C. Section 1983."), *with* Exhibit A [2016 Action Complaint], p. 9, ¶ 52 ("By terminating Plaintiff Smith without following mandatory and nondiscretionary merit system 'due process procedures', Defendants deprived Plaintiff of his property right interest in his job as a county merit system employee without due process of law. As such, the 'termination' violated the due process clause of the Fourteenth Amendment, made actionable by 42 U.S.C. Section 1983.")). Thus, federal causes of action in both Count I of the 2016 Complaint and Count 1 of the 2018 Complaint arise out of the same "nucleus of operative fact" for purposes of claim preclusion.[20]

---

[20] Unlike Count I of the 2016 Complaint, Count 1 of the 2018 Complaint goes on to list a number of specific ways in which the Defendants have "violated Smith's Constitutional and Statutory rights and protections." (*See* Doc. 1-2 at 17 - 19, ¶¶ 58 − 74). However, "[i]t is by now hornbook law that the doctrine of res judicata 'bars the filing of claims which were raised **or could have been raised in an earlier**

The federal claims in Count I in the 2016 Action were dismissed on the merits under Rule 56 (*see* 2016 Action, Docs. 55, 65), and final judgment was entered accordingly. That decision was rendered by "a court of competent jurisdiction" (i.e. this Court, exercising original jurisdiction over the federal claims under 28 U.S.C. § 1331),[21] and the parties to the 2016 Action are identical to the ones in this action. Accordingly, claim preclusion bars Smith's Count 1 federal claims, and the undersigned will recommend that the Defendants' Rule 12 motions (Docs. 10, 12) be **GRANTED** as to those claims.

## 2. Supplemental Jurisdiction

Should the Court adopt the aforementioned recommendations, then only state law claims, over which this Court is exercising supplemental jurisdiction under § 1367(a), will remain pending in this action.[22] As noted previously, a district court "may decline to exercise supplemental jurisdiction over a claim…if…the district

---

**proceeding**.' " *Maldonado*, 664 F.3d at 1375 (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)) (emphasis added). To the extent any federal claims raised in Count 1 were not raised in the 2016 Action, it is clear they could have been, and are thus also barred by claim preclusion. Thus, the undersigned need not, and does not, address the Defendants' alternative argument that any federal claims not raised in the 2016 Action are barred by the applicable statute of limitations.

[21] *See Ferrier v. Atria*, No. 17-11261, 2018 WL 1433742, at *3 (11th Cir. Mar. 22, 2018) (per curiam) (unpublished) ("The other elements of *res judicata*, which Ferrier does not contest, also are satisfied. First, the district court in the Southern District of New York was a court of competent jurisdiction because it had 'an existing source of subject-matter jurisdiction' to adjudicate the action." (quoting *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 555 (2017)).

[22] The Defendants did not claim diversity of citizenship under 28 U.S.C. § 1332(a) as an alternative basis for original jurisdiction in their notice of removal, nor is diversity of citizenship apparent from the record.

court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). "Actually determining whether to [exercise supplemental jurisdiction] calls for the court to weigh [a] host of factors…: judicial economy, convenience, fairness, and comity." *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 532 (11th Cir. 2015) (quotation marks omitted). Nevertheless, the Eleventh Circuit has stressed that

> [w]hen all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7, 108 S. Ct. 614, 619 & n.7, 98 L. Ed. 2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

*Vibe Micro*, 878 F.3d at 1296. *See also Mergens*, 166 F.3d at 1119 ("[T]his Court has noted that 'if the federal claims are dismissed prior to trial, [*United Mine Workers v.*] *Gibbs*[, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966),] strongly encourages or even requires dismissal of state claims.' " (quoting *L.A. Draper & Son v. Wheelabrator–Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)) (bracketed text added). This is "particularly the case where, as here, the dismissal occurs without any analysis of the merits of the state claims." *Vibe Micro*, 878 F.3d at 1296.

Stimpson requests that this Court exercise its discretion to retain supplement jurisdiction over the state law claims "for reasons of fairness and efficiency," asserting: "This Court is familiar with these claims which Stimpson has been forced to continue to defend now multiple times. If the state law claims are dismissed, no doubt Plaintiff will re-file this action yet again in state court (after Stimpson was forced to remove this action by Plaintiff's decision to improperly re-allege federal causes of action already adjudicated by this Court)." (Doc. 19 at 3 – 4). Similarly, the Board Defendants request "that the district court exercise supplemental jurisdiction and dismiss the claim so as to put an end to this litigation[,]" claiming that "[t]he legal issue is narrow and the court is familiar with the facts as a result of adjudicating the 2016 action." (Doc. 20 at 3 – 4). The undersigned, however, is not persuaded that these concerns weigh in favor of retaining supplemental jurisdiction.

First, while the undersigned has some familiarity with the facts of this case by virtue of having presided over the 2016 Action, a different judge is presiding over this action. As to Stimpson's fear that Smith "will re-file this action yet again in state court" if "the state law claims are claims are dismissed," because this case was removed to this Court, the state law claims will be remanded to the Mobile County Circuit Court, rather than dismissed.[23]

---

[23] *See McDuffie v. Broward Cty., Fla.*, 654 F. App'x 408, 411 (11th Cir. 2016) (per curiam) (unpublished) ("Where an action originates in state court and is later removed to federal court…district courts should remand to state court the state claims over which they decline to exercise supplemental jurisdiction. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005). Indeed, we have stated that 'federal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental

Moreover, the Court has already once declined to retain supplemental jurisdiction over Smith's state law claims arising from his termination, in the 2016 Action, and that was after discovery had closed and multiple rounds of dispositive briefing had occurred. As is appropriate when a district court declines to continue exercising supplemental jurisdiction, the Court dismissed those claims "without prejudice so that the claims [could] be refiled in the appropriate state court." *Crosby*, 187 F.3d at 1352. Smith did just that when he filed the 2018 Complaint. While Smith also improperly attempted to assert federal claims barred by *res judicata* in the 2018 Complaint, thus resulting in the present removal action, those claims are due to be dismissed, and this action can be then returned to state court for adjudication of the state law claims, as was intended by dismissal without prejudice of those claims in the 2016 Action.

The Defendants assert that Smith's "state law claims for statutory due process violations fail [on the merits] where they are based on the mere violation of MCPB Rules." (Doc. 10 at 10. *See also* Doc. 12 at 8 (Board Defendants incorporating Stimpson's argument in this regard by reference)). Having considered the authority cited by the Defendants in support of this argument, consisting of two opinions by other judges of this Court – *Young v. City of Mobile*, Civil Action No. 13-00586, 2014 WL 5488827 (S.D. Ala. Oct. 29, 2014) (DuBose, J.),

---

jurisdiction.' *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1226–27 (11th Cir. 2010); *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) ('If the district court does decline to exercise supplemental jurisdiction, these claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441.').").

and *Longmire v. City of Mobile, Ala.*, Civil Action No. 16-0025-WS-M, 2017 WL 1352226 (S.D. Ala. Apr. 10, 2017) (Steele, J.) – the undersigned is not persuaded that Alabama law on this point is so clear that dismissal of Smith's state law claims is a foregone conclusion, regardless of whether they are decided by this Court or Alabama state courts.[24]  *See Ameritox*, 803 F.3d at 540 ("It is a bedrock principle that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  State courts, not federal courts, should be the final arbiters of state law in our federalist system…Federal courts are (and should be) loath to wade into uncharted waters of state law, and should only do so when absolutely necessary to the disposition of a case." (citation and quotations omitted)).

The Defendants also assert that, "[t]o the extent Plaintiff has asserted claims in the instant Complaint, the basis of which is conduct which was not previously alleged in the 2016 Action," such state law claims are barred by Alabama's two-year statute of limitations.  (*See* Doc. 10 at 11 (citing Ala. Code § 6-2-38(l)).  However, the Defendants have not cited any specific examples of such new claims, and they acknowledge that at least some of Smith's state law claims are timely under 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled

---

[24] Moreover, "[t]he opinion of a district court carries no precedential weight, even within the same district." *United States v. Cerceda*, 172 F.3d 806, 812 n.6 (11th Cir. 1999) (en banc) (per curiam).

while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."). Given this, undersigned finds that the interests of judicial economy do not favor piecemeal adjudication of the state law claims in this action prior to remanding those claims to state court.

In light of the foregoing, the undersigned will further recommend that, should the Court adopt the previously-stated recommendations disposing of all federal claims in this action, the Court decline to continue exercising supplemental jurisdiction over the state law claims in this action under § 1367(c)(3) and remand this case to the Mobile County Circuit Court. In conjunction with this remand, it will also be recommended that the Court deny without prejudice those arguments raised in the Defendants' Rule 12 motions (Docs. 10, 12) not expressly addressed above on the merits, so as to allow them to be appropriately re-raised in state court.

### III. *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** as follows:

1. that Smith's motion to remand under 28 U.S.C. § 1447(c) (Doc. 5) be **DENIED**;

2. that the Board Defendants' motion to sever and remand Count 2 (Doc. 9) be **GRANTED** as to the Count 2 federal claims and otherwise **DENIED**, and that the Count 2 federal claims accordingly be **SEVERED** and **REMANDED** to the Circuit Court of Mobile County, Alabama, under 28 U.S.C. § 1441(c)(2);

3. that Stimpson's Rule 12(b)(6) motion to dismiss (Doc. 10) and the Board

Defendants' Rule 12(c) motion for judgment on the pleadings (Doc. 12) be **GRANTED** as to the Count 1 federal claims, be **DENIED** on the merits as to whether *res judicata* bars the Counts 1 and 3 state law claims, and otherwise be **DENIED without prejudice**; and

4. that, after adopting the foregoing recommendations, the Court decline to continue exercising supplemental jurisdiction over the state law claims in this action under § 1367(c)(3) and **REMAND** this case to the Circuit Court of Mobile County, Alabama.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 20th day of April 2018.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**